## Zawistowski v. State Farm Insurance Co.

*Joseph J. May,* for plaintiff.
*Wallace J. Knox,* for defendant.

NYGAARD, *J.*, December 31, 1981—On April 28, 1978, plaintiff, Ronald E. Zawistowski, carried automobile insurance with State Farm Insurance Company, Policy no. 1806-784-38-A, the terms of which provided security for plaintiff in accordance with the provisions of the Pennsylvania Motor Vehicle Insurance Act, 40 P.S. §10099 et seq.ʼ (hereinafter referred to as No-fault).

On April 28, 1978, at approximately 12:05 am plaintiff was driving his 1974 Ford Torino station wagon and at the intersection of 10th and State Streets collided with 1977 Chevrolet Nova coupe operated by Johnny O. Triggs.

After the vehicles came to rest, Mr. Triggs physically assaulted plaintiff by punching him in the front, including the face, at least once and possibly as many as five times until plaintiff lost consciousness. Mr. Triggs is six feet eight inches tall and weighed 240 pounds; plaintiff is five feet eight inches tall and weighes 165 pounds. Plaintiff was taken to Hamot Medical Center where he received

treatment for his injuries. Plaintiff was hospitalized for an extended period of time for treatment of these injuries and incurred medical bills for this treatment in the amount of $13,349.39. He incurred a wage loss of $3,292.91.

The case was tried by the court without a jury on December 21, 1981.

While there is no doubt about the extent of the injuries and damages suffered by plaintiff, it is unclear and plaintiff's testimony is inconclusive as to whether or not they were caused by the collisions or the assault. Even plaintiff himself testified candidly that he could not definitely state he was injured or the extent of his injuries prior to the assault. The testimony of plaintiff's expert, Dr. Bales, was equally inconclusive.

The court concludes that plaintiff has failed to meet his burden that he suffered injury as a result of the collisions between the two automobiles.

Plaintiff's second theory of recovery is that the assault made him a "victim" under the No-fault Act because the assault arose our of the maintenance or use of a motor vehicle; that "but-for" the operation of his vehicle the injury would not have occurred. The court rejects this argument of plaintiff. The plain language of the act states that a "victim" is defined to mean "an individual who suffers injury arising out of the maintenance or use of a motor vehicle." *Injury* is the significant word and is further definded as "accidentally sustained bodily harm," 40 P.S. § 1009.103. I conclude that the damage resulting from an intentional tort leaves plaintiff without the provisions of the act.

## DECISION

And now, December 31, 1981, I find for defendant, State Farm Insurance Company.